Keith D. HOLMAN

v.

The UNITED STATES.

No. 537–81C.

United States Claims Court.

March 28, 1983.

Raymond J. Long, McLean, Va., for plaintiff.

Linwood C. Wright, Jr., Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; Ramona Hall, Internal Revenue Service, Washington, D.C., of counsel.

ORDER

YANNELLO, Judge:

The petition in this case was filed on September 4, 1981. Defendant, in lieu of an answer, on December 29, 1981, filed a motion to dismiss the action to the extent that it sought review of a decision of a regional office of the Merit Systems Protection Board (MSPB).

By Order of March 9, 1982, the appellate division of the United States Court of Claims denied defendant's motion, granted plaintiff's motion to amend its complaint, separated plaintiff's claims for severance pay and suspended proceedings on such claims pending the outcome of the MSPB decision. (Shortly thereafter, on April 8, 1982, defendant filed its answer including its answer to the severance pay claims.)

The decision of the MSPB was issued on December 7, 1981, and the United States Court of Appeals for the Federal Circuit affirmed that decision by opinion of November 29, 1982, as amended by an errata dated December 30, 1982.

It is now appropriate to reinitiate proceedings with respect to the severance pay claims.

There are presently pending before this court two motions. First, plaintiff's motion for summary judgment filed December 13, 1982. This motion seeks essentially to correct an alleged defect in the Federal Circuit's opinion of November 29, 1982. In fact, however, the Circuit Court's errata of January 13, 1983, has remedied any alleged defect in its own opinion.

Second, defendant's [cross] motion for summary judgment, filed February 7, 1983, which seeks two determinations. One, defendant seeks to have plaintiff's motion for summary judgment denied as moot in view of the Circuit Court's amendment of De-

cember 30, 1982. Two, defendant seeks to have the doctrine of collateral estoppel applied to any future proceedings in this case with respect to plaintiff's claims for severance pay.

Plaintiff has not furnished any response to defendant's cross-motion for summary judgment.

### Decision

The Federal Circuit Court of Appeals' decision of November 29, 1982, 703 F.2d 584, as amended by order of December 30, 1982, has determined, as between these two parties and in connection with its review of the MSPB decision, that the plaintiff's dismissal was not involuntary.

That court notes that the dispositive issue in the appeal from the MSPB decision is "whether petitioner's resignation was coerced (involuntary) or voluntary." (Page 1 of slip opinion.) The court, at page 2 of the slip opinion, affirms the MSPB's findings that (1) the agency did not distribute any notices to individual employees of a reorganization; that (2) plaintiff's original resignation 'by reason of reorganization' was returned to him by his supervisors who did not agree with this reasoning; that (3) plaintiff, in a letter to his supervisors, acknowledged that the supervisors had not yet indicated whether they would concur with management-study recommendations for a reorganization; that (4) plaintiff had "jumped the gun" with respect to his resignation; and that (5) the agency was not required to persuade plaintiff that his job would not be abolished.

The findings of fact of the MSPB as affirmed by the Federal Circuit Court (and outlined above) will pertain in any action in this court with regard to plaintiff's severance pay claims, and thus the doctrine of collateral estoppel with respect to such factual determinations, as urged by defendant, will operate in any proceedings in this court on the remaining claim of plaintiff for severance pay.[1]

Based on the foregoing, IT IS HEREBY ORDERED THAT the case with respect to plaintiff's severance pay claims is now to proceed, consistent with the foregoing discussion, and the parties are to comply with the "Inquiry re: Further Proceedings" which will be issued by separate Order of this date.

Defendant's motion for summary judgment to the extent it seeks application of the doctrine of collateral estoppel is GRANTED.

IT IS FURTHER ORDERED THAT: plaintiff's motion for summary judgment of December 13, 1982, is DENIED AS MOOT and defendant's motion for summary judgment on that ground is GRANTED.

1. As the defendant argues, severance pay is customarily awarded only where an employee's separation is involuntary, and, hence, it would appear that on the face of the petition and in view of the facts already established and by operation of collateral estoppel, severance pay would not obtain in this case. However, the plaintiff may seek to advance other bases (factual or legal) for its entitlement, and it is free to do so.